United States District Court
Central District of California
Eastern Division

| | |
|---|---|
| Elliott R. Rodriguez,<br><br>              Plaintiff,<br><br>     v.<br><br>Provident Savings Bank, F.S.B., et al.<br><br>              Defendants. | EDCV 15-01301-VAP (KK)<br><br>**Order Granting Defendants' Motions to Dismiss With Leave to Amend and Denying Plaintiff's Motions to Strike** |

     Defendants Mortgage Electronic Registration Systems, Inc. ("MERS"), U.S. Bank National Association, and Provident Savings Bank, F.S.B. ("Provident") (collectively "Defendants") have filed two Motions to Dismiss (Doc. Nos. 10, 13) Plaintiff Elliott R. Rodriguez's ("Plaintiff") Complaint (Doc. Nos. 1, 1-1).  In response, Plaintiff has filed two Motions to Strike Defendants' Motions to Dismiss.  (Doc. Nos. 17, 20.)

     For the reasons set forth below, the Court GRANTS Defendants' Motions to Dismiss WITH LEAVE TO AMEND and DENIES Plaintiff's Motions to Strike Defendants' Motions to Dismiss.

# I. BACKGROUND

## A. Procedural History

On July 1, 2015, Plaintiff filed his Complaint against Defendants. (Doc. Nos. 1, 1-1.) The Complaint alleges Defendants violated the federal Truth in Lending Act ("TILA") and related federal regulations, when entering into a residential loan agreement with Plaintiff. (Id.) The Complaint seeks enforcement of Plaintiff's right to rescind the loan agreement, restitution, and actual and statutory damages, pursuant to TILA and federal regulations. (Id.) As described further below, Defendants have filed two Motions to Dismiss the Complaint and Plaintiff has filed two Motions to Strike Defendants' Motions to Dismiss.

### 1. Defendant MERS and U.S. Bank National Association's Motion to Dismiss and Plaintiff's Motion to Strike It

On July 31, 2015, defendants MERS and U.S. Bank National Association filed the first of the two Motions to Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 10.) In the Motion, the defendants argue Plaintiff's claims are both barred by *res judicata* and untimely. (Id.) Concurrently, the defendants filed a supporting Request for Judicial Notice of twenty-two exhibits. (Doc. No. 11.)

Plaintiff did not file an opposition to defendants MERS' and U.S. Bank National Association's Motion to Dismiss.  Instead, on September 1, 2015, Plaintiff filed a Motion to Strike defendants MERS and U.S. Bank National Association's Motion to Dismiss, contending he had not been served with the Motion by the defendants.  (Doc. No. 20.)

In response to Plaintiff's Motion to Strike, on September 4, 2015, defendants MERS and U.S. Bank National Association filed an Opposition to Plaintiff's Motion to Strike.  (Doc. No. 22.)

On September 16, 2015, Plaintiff filed a Reply to the defendants' Opposition to his Motion to Strike.  (Doc. No. 24.)

On August 25, 2015 and September 23, 2015, the Court issued orders vacating the hearing dates set for the defendants' Motion to Dismiss and Plaintiff's Motion to Strike and taking both motions off calendar.  (Doc. Nos. 18, 26.)  The motions thus stand submitted and ready for decision.

### 2. Defendant Provident's Motion to Dismiss and Plaintiff's Motion to Strike It

On August 6, 2015, defendant Provident filed a Motion to Dismiss and a supporting Request for Judicial Notice identical to those

filed by defendants MERS and U.S. Bank National Association on July 31, 2015.  (Doc. Nos. 13, 14.)

On August 19, 2015, Plaintiff filed an Opposition to defendant Provident's Motion and, in the Opposition, simultaneously moved to strike the Motion.  (Doc. No. 17.)

On August 31, 2015, defendant Provident filed a Reply to Plaintiff's Opposition.  (Doc. No. 19.)

## B.   Factual Allegations in the Complaint

On September 16, 2005, Plaintiff executed a promissory note and deed of trust ("TD") securing a $245,000 residential loan from defendant Provident.  (Compl., ¶ 1, Ex. A.)[1]  The TD concerned real property located at 4216 Wheeler Street, Riverside, California 92503 ("Wheeler Street Property").  (Id.)  The TD identified defendant Provident as the "lender," Plaintiff as the "borrower," and defendant MERS as the "beneficiary."  (Id., Ex. A.)

---

[1] The Complaint presents a copy of the promissory note and the TD.

On May 21, 2009, defendant MERS assigned its beneficial interest in the TD to defendant U.S. Bank National Association. (Id. ¶ 8.)

The Complaint appears to claim defendant Provident did not lend Plaintiff money as it was obligated to do under the loan agreement. (Id. ¶ 58.) Although defendant Provident was named as the "lender" on the TD, the Complaint alleges the lender was actually "some Wall Street investor in a loan pool who [wa]s funding the loan." (Id.) According to the Complaint, defendant Provident "was paid to pose as the lender when in fact the lender [wa]s an undisclosed unregistered third party." (Id. ¶ 17.) Furthermore, after the execution of the promissory note and the TD on September 16, 2005, defendant Provident failed to disclose to Plaintiff the identity of this lender. (Id. ¶ 3.)

On May 5, 2015, Plaintiff sent a "Notice of Rescission" to defendants Provident, MERS, and U.S. Bank National Association, stating he wished to exercise his right under TILA and related federal regulations to rescind the loan agreement. (Id. ¶ 4, 7, 10.) Despite receiving the Notice of Rescission, none of the defendants contested it. (Id. ¶ 5, 8, 11.) As a result, according to Plaintiff, "[u]nder federal

5

law, the Deed of Trust is now extinguished and any rights [of the defendants] under the Deed of Trust have terminated." (Id. ¶ 6, 9, 12.)

In the Complaint, Plaintiff appears to assert three claims, pursuant to TILA and its implementing regulations: (1) Plaintiff is entitled to enforce his right to rescind the loan agreement; (2) Plaintiff is entitled to restitution of all funds paid to Defendants pursuant to the loan agreement and a return of the original loan documents; and (3) Plaintiff is entitled to actual and statutory damages based on Defendants' violations of TILA.[2] (Id. at 8-17.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a party to bring a motion to dismiss for failure to state a claim upon which relief can be granted. Rule 12(b)(6) is read in conjunction with Rule 8(a), which

---

[2] Plaintiff styles his claims in terms of four causes of action: (1) "Enforcement of Rescission under 15 U.S.C. § 1635"; (2) "Enforcement of Rescission under 12 C.F.R. § 226.23"; (3) "The Transaction Was Never Consummated"; and (4) "Enforcement of Restitution under 12 C.F.R. § 1026.23(d)(2)." (Compl. at 8-17.) The first three of these claims relate to Plaintiff's request for enforcement of his right to rescind the loan agreement and the fourth relates to Plaintiff's request for restitution upon rescission of the agreement. Throughout the Complaint, Plaintiff also requests actual and statutory damages for Defendants' alleged violations of TILA, pursuant to 15 U.S.C. § 1640. (Id. ¶ 25, 50.)

6

requires only a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  When evaluating a Rule 12(b)(6) motion, a court must accept all material allegations in the complaint — as well as any reasonable inferences to be drawn from them — as true and construe them in the light most favorable to the non-moving party.  See Doe v. United States, 419 F.3d 1058, 1062 (9th Cir. 2005).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citations omitted).  Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id.

In deciding a Rule 12(b)(6) motion, the Court generally looks only to the face of the complaint and documents attached thereto.  Van Buskirk v. Cable News Network, Inc., 284 F.3d 977, 980 (9th Cir. 2002); Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).  It may also consider documents that

7

are proper subjects of judicial notice.  See Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 991 (9th Cir. 2009).

### III.  DISCUSSION

In both of their Motions to Dismiss, Defendants contend all of Plaintiff's claims in the Complaint are time-barred.[3]  The Court considers both Motions to Dismiss below.  The Court first addresses the timeliness of Plaintiff's claims for rescission and restitution and then addresses the timeliness of Plaintiff's claim for damages.[4]

---

[3] In both Motions to Dismiss, Defendants also argue this action is barred by *res judicata* because Plaintiff filed a federal court action seeking to quiet title to the Wheeler Street Property in 2013, against Wells Fargo Bank and U.S. Bank.  The Court concludes Plaintiff's claims are time-barred and therefore does not address Defendants' *res judicata* argument.

[4] The Court ultimately concludes Plaintiff's claims are time-barred.  Accordingly, the Court DENIES Plaintiff's Motions to Strike Defendants' Motions to Dismiss as MOOT.

Moreover, the Court concludes neither of Plaintiff's Motions to Strike present grounds for striking either of Defendants' Motions to Dismiss.  First, Plaintiff's Motion to Strike defendant Provident's Motion to Dismiss merely opposes the Motion and presents no grounds for striking it.  Second, Plaintiff offers no evidence in support of his claim in his Motion to Strike defendants MERS and U.S. Bank National Association's Motion to Dismiss, that Plaintiff was never served with defendant MERS and U.S. Bank National Association's Motion.  In fact, Plaintiff's claim is refuted by a "Proof of Service" filed by defendants MERS and U.S. Bank National Association with their Motion to Dismiss.  (Doc. No. 10-2.)

**A.      Plaintiff's Claims for Rescission and Restitution Under TILA and Implementing Regulations**

**1.      Borrowers' Rights to Rescission and Restitution Under TILA and Implementing Regulations**

"TILA protects consumers from fraud, deception, and abuse within the residential secured lending marketplace by mandating that lenders disclose certain information to borrowers."  McOmie-Gray v. Bank of Am. Home Loans, 667 F.3d 1325, 1327 (9th Cir. 2012).  If a lender fails to comply with such disclosure requirements, "TILA grants borrowers the right to rescind a home-secured loan in the event the lender has failed to make the required disclosures."  Id.

"[R]escission is effected when the borrower notifies the creditor of his intention to rescind."  Jesinoski v. Countrywide Home Loans, Inc., 135 S. Ct. 790, 792 (2015).  Both the provisions of TILA and implementing federal regulations provide that a creditor must: (1) provide the borrower with restitution of "any money or property given as earnest money, downpayment, or otherwise" within 20 days after receipt of a notice of rescission from the borrower; and (2) "take any action necessary or appropriate to reflect the termination of any security interest created under the transaction."  15 U.S.C. § 1635(b); see also 12 C.F.R. § 1026.23(d)(2).

Under 15 U.S.C. section 1635(a), borrowers have an unconditional "right to rescind the transaction until midnight of the third business day following the consummation of the transaction . . . ."  15 U.S.C. § 1635(a).  After this three-day period expires, borrowers have only a "conditional" right to rescind: they "may rescind only if the lender failed to satisfy the [TILA]'s disclosure requirements."  Jesinoski, 135 S. Ct. at 792.  Under 15 U.S.C. section 1635(f), this "conditional" right to rescind "'expire[s] three years after the date of consummation of the transaction or upon the sale of the property, whichever comes first.'"  Id. (quoting 15 U.S.C. § 1635(f)).

The time of "consummation" of a transaction, for purposes of TILA, is defined by implementing federal regulations as "the time that a consumer becomes contractually obligated on a credit transaction," under governing state law.  12 C.F.R. § 226.2(a)(13); see also Jackson v. Grant, 890 F.2d 118, 120 (9th Cir. 1989) ("When a consumer 'becomes contractually obligated' is, in turn, determined by looking to state law.") (quoting 12 C.F.R. § 226.2(a)(13)).  Under California law, a contract is formed when (1) parties capable of contracting (2) consent (3) to a lawful object (4) for sufficient consideration.  Cal. Civ. Code § 1550.  Federal courts applying California law to TILA have concluded

10

that a loan agreement is "consummated," for purposes of TILA, on the date it is signed and where "the lender is identifiable." In re Ramsey, 176 B.R. 183, 187 (B.A.P. 9th Cir. 1994); see also Jackson, 890 F.2d at 121 (holding mortgage agreement was not consummated under TILA because, although borrower signed deed of trust and promissory note, no clear lender was identified in the loan documents).

### 2. Analysis

Here, Plaintiff's claims for rescission and restitution are time-barred under 15 U.S.C. section 1635(f) because Plaintiff's loan agreement was "consummated" on September 16, 2005 — nearly ten years before Plaintiff mailed his Notice of Rescission to Defendants on May 5, 2015.  Moreover, as the copy of the TD attached to Plaintiff's Complaint shows, the TD Plaintiff executed on September 16, 2005 clearly identified defendant Provident as the "lender" under the loan agreement.  (Compl., Ex. A.)

Although the Complaint alleges defendant Provident was merely posing as the lender under the agreement, see id. ¶¶ 3, 17, 58, the loan documents clearly identified defendant Provident as the lender and created a contractual relationship between defendant Provident

11

and Plaintiff under California law.[5] (Compl., Ex. A.) As a result, under applicable regulations, the agreement was "consummated" for purposes of TILA when Plaintiff executed it on September 16, 2005. See 12 C.F.R. § 226.2(a)(13); see also Ramsey, 176 B.R. at 187. Plaintiff's right of rescission under 15 U.S.C. section 1635(f) expired three years later in September 2008. Plaintiff's May 5, 2015 Notice of Rescission invoking this right was therefore untimely.

Accordingly, Plaintiff's claims for rescission of the agreement and restitution under TILA and related federal regulations are DISMISSED.

**B.  Plaintiff's Claim for Damages Under TILA**

**1.  Claims for Damages Under TILA**

In addition to seeking rescission to remedy TILA violations, borrowers may bring actions for actual and statutory damages when lenders fail to comply with TILA's disclosure requirements. See 15 U.S.C. § 1640(a). Such damages claims are generally subject to a one-year statute of limitations. See 15 U.S.C. § 1640(e) ("Any action

---

[5] Moreover, the Court notes the Complaint's allegations that defendant Provident was not the actual lender under the loan agreement are entirely speculative and conclusory. See Twombly, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level.").

under this section may be brought . . . within one year from the date of the occurrence of the violation."). At the same time, 15 U.S.C. section 1640(e) provides for a three-year statute of limitations on "action[s] to enforce a violation of [15 U.S.C.] section[s] 1639, 1639b, 1639c, 1639d, 1639e, 1639f, 1639g, or 1639h." Id.

As in the context of rescission, these statutes of limitation "run[] from the date of consummation of the transaction." King v. State of Cal., 784 F.2d 910, 915 (9th Cir. 1986). "[T]he doctrine of equitable tolling may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." Id.

### 2. Analysis

Throughout the Complaint, Plaintiff repeatedly requests both actual and statutory damages pursuant to 15 U.S.C. section 1640, predicated on Defendants' alleged violations of TILA's disclosure requirements. (Compl. ¶ 25, 50.) In their Motions to Dismiss, Defendants argue Plaintiff's claim for damages under TILA is barred by the one-year statute of limitations set forth in 15 U.S.C. section 1640(e). In response, Plaintiff contends his claim for damages is

13

actually subject to Section 1640(e)'s *three-year* statute of limitations for damages claims predicated on violations of Sections 1639 and 1639b-h. (Opp. at 16.)

The Court finds Plaintiff's claim for damages under TILA is untimely. Even assuming a three-year statute of limitations applies to Plaintiff's claim for damages, as Plaintiff contends, Plaintiff filed this action nearly *ten years* after his loan agreement with Defendants was "consummated," for purposes of TILA. As the Court explains in Section III.A.2, Plaintiff's loan agreement was "consummated" on September 16, 2005 — the day Plaintiff executed the TD and promissory note. See In re Ramsey, 176 B.R. 183, 187 (B.A.P. 9th Cir. 1994). Plaintiff filed this action on July 1, 2015; hence, his claim for damages is untimely under Section 1640(e)'s statute of limitations, regardless of whether the limitations period was one or three years. Moreover, Plaintiff does not allege any facts suggesting he is entitled to equitable tolling of Section 1640(e)'s limitations period. See King, 784 F.2d at 915.

Accordingly, Plaintiff's claim for damages under 15 U.S.C. section 1640 is DISMISSED.

### C. Plaintiff is Granted Leave to Amend

Federal Rule of Civil Procedure 15 provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). A district court, however, may in its discretion deny leave to amend "due to undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." Leadsinger, Inc. v. BMG Music Publ'g, 512 F.3d 522, 532 (9th Cir. 2008) (internal citation and quotation marks omitted).

Here, Plaintiff has not engaged in undue delay, manifested bad faith, or had any prior opportunities to amend his complaint. In addition, amendment would not cause undue prejudice to Defendants. While amendment of Plaintiff's request for rescission and restitution of the loan agreement would be futile, it is unclear whether amendment of Plaintiff's claim for damages under 15 U.S.C. section 1640(a) would be futile. Plaintiff's claim for damages could be rendered timely if Plaintiff were to allege grounds for equitable tolling in an amended complaint. Hence, the Court GRANTS Plaintiff leave to amend, but

*only* in regard to his claim for damages under 15 U.S.C. section 1640(a).

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motions to Dismiss are GRANTED and Plaintiff's Motions to Strike Defendants' Motions to Dismiss are DENIED as MOOT.[6]

The Court GRANTS Plaintiff LEAVE TO AMEND his damages claim under 15 U.S.C. section 1640(a). Plaintiff shall file an amended complaint, if any, by November 26, 2015.

**IT IS SO ORDERED.**

Dated: 10/30/15

Virginia A. Phillips
United States District Judge

---

[6] The Court finds Plaintiff fails to state a claim without relying on the documents presented in Defendants' requests for judicial notice. Accordingly, the Court DENIES both requests as MOOT.